NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—June, 1886.

BIBLE SOCIETY *v.* OAKLEY.

*In the matter of the estate of* ANN VOORHIS, *deceased.*

A temporary administrator of a decedent's estate has not an absolute right to demand the judicial settlement of his account. As to whether he is an "administrator," within the purview of Code Civ. Pro , § 2689, relating to an application for discharge from office—*quære.*

The pendency of a special proceeding for the revocation of probate of a will, is not a bar to the grant of letters testamentary; but an executor appointed while such a controversy is in progress has only such limited powers as are possessed, under Code Civ. Pro., § 2582, where an appeal has been taken from a decree admitting a will or granting letters.

A controversy over the probate of decedent's will, during which the court appointed a temporary administrator of the estate, having terminated in a decree admitting the same, the administrator submitted his account for settlement.—

*Held*, that the account should not be judicially passed upon, until letters testamentary had been issued, and the executors brought in as parties.

APPLICATION by Gilbert Oakley, temporary administrator of decedent's estate, for a judicial settlement of his account; opposed by the American Bible Society and American Home Missionary Society, residuary legatees under decedent's will.

C. E. TRACY, *for residuary legatees.*

D. M. HELM, *for temporary administrator.*

THE SURROGATE.—The paper propounded as the will of this decedent was, after a contest, admitted to probate by the Surrogate on November 9th, 1885. No testamentary letters have yet been issued to any of the persons whom it names as executors. One of those persons, Gilbert Oakley, Esq., has been acting ever since April 8th, 1882, as temporary administrator of the estate. He has recently filed his account, together with a petition for its judicial settlement, and h'as caused all persons who claim to be interested as creditors, legatees, heirs at law or next of kin, to show cause why he should not be discharged and why his letters should not be revoked.

It is insisted by counsel for the residuary legatees that the petitioner's accounts ought not to be settled

and determined until letters testamentary shall have been issued to such of the executors as may see fit to qualify.

On behalf of one of the decedent's next of kin, it is contended that the Surrogate has been deprived for the present of all authority to issue letters testamentary, by the institution of certain proceedings now pending before him for revoking the probate of decedent's will.

The latter contention is, in my judgment, unsound. Section 2636 of the Code provides that, "immediately after a will has been admitted to probate, the person or persons named therein as executors, who are competent by law to serve, and who appear and qualify, are entitled to letters testamentary thereupon, *unless*" —(here follows a provision to the effect that if before such letters are granted a creditor of the decedent or a person interested in the estate shall interpose "legal objections" to their issuance, the Surrogate must inquire into such objections, and determine whether or not they are well founded).

It is claimed by contestant's counsel that the provisions of § 2650 substantially forbid the issuance of letters testamentary during the pendency of proceedings for revocation of probate. I find no such inhibition in the letter or the spirit of that section. It seems, on the contrary, to contemplate, as does also the section preceding, that letters testamentary will, in all cases, have been actually issued by the Surrogate before proceedings for revocation of probate are set on foot.

The qualified stay of "all proceedings relating to

the estate," for which § 2650 provides, is evidently intended to effect this result, and this only ; that pending a controversy over revocation of probate, the estate to which such controversy relates shall not be managed and dealt with either in accordance with the will or in accordance with the Statutes of Descent and of Distributions, but shall be so handled as to protect the rights of the next of kin and heirs at law of the decedent in the event of the establishment of his intestacy, and to protect the rights of all persons interested under the will, in case probate shall be ultimately upheld.

This view is in harmony with the scheme of the Code as regards the effect of an appeal from a decree of the Surrogate admitting a will to probate, or granting letters testamentary or letters of administration. Section 2582 declares that such an appeal shall not stay the issuing of letters, " where, in the opinion of the Surrogate, manifested by an order, the preservation of the estate requires that the letters should issue." The section proceeds to impose certain limitations upon the power of an executor or administrator to whom letters are issued pending such appeal.   These provisions are substantially borrowed from the repealed provisions of the Laws of 1871, ch. 603, § 1.   Prior to the enactment of that statute, an appeal from a decree admitting a will to probate operated, in case letters testamentary had not theretofore issued, as a stay of the issuance of such letters.   The effect of the Act of 1871 was to confer upon the Surrogate a discretionary authority to issue letters testamentary even after the taking of such an appeal, the holder whereof

should be invested with all the powers of the executorial office except as expressly restricted by the terms of that act. The restrictions thus imposed, and now imposed by § 2582, relate to such powers, and such only, as would be specially called into exercise by the terms of the testator's will, and are practically the same as the restrictions occasioned by an application to revoke probate under § 2650.

I see no reason, therefore, why limited testamentary letters may not issue at once to such qualified persons as shall see fit to accept them. And I agree with counsel for the residuary legatees that it is proper that such letters should issue before any further steps are taken for the settlement of the temporary administrator's account. While that officer may, at the pleasure of the Surrogate, be compelled to render an account for judicial settlement (§ 2725), he does not seem to have any absolute right to demand such judicial settlement at any special time, or, indeed, to demand it at all, unless he is to be deemed, within the meaning of § 2689, an "administrator;" and if such is the case, this court may entertain his application for an accounting, with a view to the revocation of his letters, or may decline to entertain it.

Let the pending proceeding be suspended until letters testamentary shall have been issued to such persons as shall qualify as executors; it may be then pushed to a decree to which those executors may be made parties.